Carney R. Shegerian, Esq., State Bar No. 150461
cshegerian@shegerianlaw.com
Anthony Nguyen, Esq., State Bar No. 259154
anguyen@shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
mmadjidi@shegerianlaw.com
Genessis Guevara, Esq., State Bar No. 344530
gguevara@shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Boulevard
Los Angeles, CA 90049
Telephone: (310) 860-0770
Facsimile: (310) 860-0771

Attorneys for Plaintiff
JESUS HERRERA

*COUNSEL CONITNUED ON NEXT PAGE*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS HERRERA,<br><br>        Plaintiff,<br><br>   v.<br><br>AMAZON.COM SERVICES LLC, AMAZON.COM SERVICES, INC., PIETER VER LOREN VAN THEMAAT, and DOES 1 to 100 inclusive,<br><br>        Defendants. | Case No. 5:22-cv-01978-JGB-SHK<br><br>**STIPULATED PROTECTIVE ORDER AND FRE 502(D) AND (E) CLAWBACK AGREEMENT** |

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

1  Keith A. Jacoby, Bar No. 150233
   kjacoby@littler.com
2  Rachael Lavi, Bar No. 294443
   rlavi@littler.com
3  Grace L. Waddell, Bar No. 327186
   gwaddell@littler.com
4  LITTLER MENDELSON, P.C.
   2049 Century Park East
5  5th Floor
   Los Angeles, California  90067.3107
6  Telephone:  310.553.0308
   Fax No.:     310.553.5583
7
8
   Attorneys for Defendant
9  AMAZON.COM SERVICES LLC
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LITTLER MENDELSON,
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

## 1.       **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2.       **GOOD CAUSE STATEMENT**

This action is likely to involve trade secrets, documents detailing personally identifiable information of third parties not party to this litigation, and other proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep

LITTLER MENDELSON,
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

3

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

In order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

    (a)    was not inadvertent by the producing party;

    (b)    that the producing party did not take reasonable steps to prevent the disclosure of privileged documents and/or information;

    (c)    that the Producing Party did not take reasonable or timely steps to rectify such Disclosure; and/or

    (d)    that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

**3.**    **<u>DEFINITIONS</u>**

    3.1   <u>Action</u>: The instant matter, Jesus Herrera v. Amazon.com Services, Inc.; Amazon.com Services, LLC; Pieter Ver Loren van Theemat; et. al.; Case No. 5:22-cv-01978-JFB-SHK.

    3.2   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

3.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4   Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

3.6   Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8   House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.11   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

3.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

3.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

3.15 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**4.   <u>SCOPE</u>**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through hearing, trial, or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material during a court hearing or at trial.

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

**5.** **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**6.** **DESIGNATING PROTECTED MATERIAL**

6.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

6.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 7.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7.1    <u>Timing of Challenges</u>. In the event that counsel for a Party receiving Discovery Materials or Disclosures designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Discovery Materials or Disclosures to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Discovery Materials or Disclosures pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Discovery Materials or Disclosures at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such

Discovery Materials or Disclosures shall be de-designated in accordance with the Designation Objection applicable to such material.

7.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Protective Order. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those  made  for  an  improper purpose (e.g., to harass or impose  unnecessary  expenses  and  burdens  on  other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8.    ACCESS TO AND USE OF PROTECTED MATERIAL

8.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in  this  Order.  When the Action has  been  terminated,  a Receiving Party must comply with the provisions of section 13 below (FINAL

1   DISPOSITION).

2       Protected Material must be stored and maintained by a Receiving Party at a

3   location and in a secure manner that ensures that access is limited to the

4   persons authorized under this Order.

5       8.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless

6   otherwise ordered by  the court or permitted in writing by the Designating Party, a

7   Receiving   Party   may   disclose   any   information   or   item   designated

8   "CONFIDENTIAL" only to:

9       (a)   the Receiving Party's Outside Counsel of Record in this Action,

10   as well as employees of said Outside Counsel of Record to whom it is

11   reasonably necessary to disclose the information for this Action;

12       (b)   the officers, directors, and employees (including House Counsel) of the

13   Receiving Party to whom disclosure is reasonably necessary for this Action;

14       (c)   Experts (as defined in this Order) of the Receiving Party to whom

15   disclosure is reasonably necessary for this Action and who have signed the

16   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17       (d)   the court and its personnel;

18       (e)   court reporters and their staff;

19       (f)   professional jury or trial consultants, mock jurors, and Professional

20   Vendors to whom disclosure is reasonably necessary for this Action and who have

21   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22       (g)   the author or recipient of a document containing the information or a

23   custodian or other person who otherwise possessed or knew the information;

24       (h)   during their depositions, witnesses ,and attorneys for witnesses, in the

25   Action to whom disclosure is reasonably necessary provided: (1) the deposing party

26   requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will

27   not be permitted to keep any confidential information unless they sign the

28   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

**10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c)    If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

1    **11.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

2          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

3    Protected Material to any person or in any circumstance not authorized under this

4    Stipulated Protective Order, the Receiving Party must immediately (a) notify in

5    writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

6    to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

7    persons to whom unauthorized disclosures were made of all the terms of this Order,

8    and (d) request such person or persons to execute the "Acknowledgment and

9    Agreement to Be Bound" that is attached hereto as Exhibit A.

10   **12.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>**

11          **<u>PROTECTED MATERIAL</u>**

12          Pursuant to FRE 502(d) and (e), the parties agree to and the Court orders

13   protection of privileged and otherwise protected Documents against claims of

14   waiver (including as against third parties and in other federal and state proceedings)

15   as follows:

16          (a)    The disclosure or production of Documents by a Producing Party

17   subject to a legally recognized claim of privilege, including without limitation the

18   attorney-client privilege and the work-product doctrine, to a Receiving Party, shall

19   in no way constitute the voluntary disclosure of such Document.

20          (b)    The inadvertent disclosure or production of any Document this action

21   shall not result in the waiver of any privilege, evidentiary protection or other

22   protection associated with such Document as to the Receiving Party or any third

23   parties, and shall not result in any waiver, including subject matter waiver, of any

24   kind.

25          (c)    If, during the course of this litigation, a party determines that any

26   Document produced by another party is or may reasonably be subject to a legally

27   recognizable privilege or evidentiary protection ("Protected Document"):

28

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

(i)      the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure;  (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and, (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

(ii)     If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected

information, the Producing Party shall also provide to the Receiving
Party a redacted copy of the document that omits the information that
the Producing Party believes is subject to a claim of privilege or other
protection.

(d)     If, during the course of this litigation, a party determines it has
produced a Protected Document:

(i)     the Producing Party may notify the Receiving Party of
such inadvertent production in writing, and demand the return of such
documents.  Such notice shall be in writing, however, it may be
delivered orally on the record at a deposition, promptly followed up in
writing.  The Producing Party's written notice will identify the
Protected Document inadvertently produced by bates number range or
hash value, the privilege or protection claimed, and the basis for the
assertion of the privilege and shall provide the Receiving Party with a
log for such Protected Documents that is consistent with the
requirements of the Federal Rules of Civil Procedure, setting forth the
basis for the claim of privilege or other protection.  In the event that
any portion of the Protected Document does not contain privileged or
protected information, the Producing Party shall also provide to the
Receiving Party a redacted copy of the Document that omits the
information that the Producing Party believes is subject to a claim of
privilege or other protection.

(ii)    The Receiving Party must, within ten (10) days of
receiving the Producing Party's written notification described above,
return, sequester, or destroy the Protected Document and any copies,
along with any notes, abstracts or compilations of the content thereof.
To the extent that a Protected Document has been loaded into a
litigation review database under the control of the Receiving Party, the

16

1               Receiving Party shall have all electronic copies of the Protected

2               Document extracted from the database.

3       (e)      To the extent that the information contained in a Protected Document

4 has already been used in or described in other documents generated or maintained

5 by the Receiving Party prior to the date of receipt of written notice by the

6 Producing Party as set forth in paragraphs (c)(ii) and d(i), then the Receiving Party

7 shall sequester such documents until the claim has been resolved.  If the Receiving

8 Party disclosed the Protected Document before being notified of its inadvertent

9 production, it must take reasonable steps to retrieve it.

10       (f)      The Receiving Party's return, sequestering or destruction of Protected

11 Documents as provided herein will not act as a waiver of the Requesting Party's

12 right to move for the production of the returned, sequestered or destroyed

13 documents on the grounds that the documents are not, in fact, subject to a viable

14 claim of privilege or protection.  However, the Receiving Party is prohibited and

15 estopped from arguing that:

16               (i)      the disclosure or production of the Protected Documents

17               acts as a waiver of an applicable privilege or evidentiary protection;

18               (ii)      the disclosure of the Protected Documents was not

19               inadvertent;

20               (iii)      the Producing Party did not take reasonable steps to

21               prevent the disclosure of the Protected Documents; or

22               (iv)      the Producing Party failed to take reasonable or timely

23               steps to rectify the error pursuant to Federal Rule of Civil Procedure

24               26(b)(5)(B), or otherwise.

25       (g)      Either party may submit Protected Documents to the Court under seal

26 for a determination of the claim of privilege or other protection.  The Producing

27 Party shall preserve the Protected Documents until such claim is resolved.  The

28

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

(h)     Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(i)     Nothing contained herein is intended to, or shall serve to, limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

(j)     By operation of the parties' agreement and Court Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

## 13.   **MISCELLANEOUS**

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

1   Stipulated Protective Order. Similarly, no Party waives any right to object on any

2   ground to use in evidence of any of the material covered by this Protective Order.

3       13.3 Filing Protected Material. A Party that seeks to file under seal any

4   Protected Material must comply with Civil Local Rule 79-5. Protected Material may

5   only be filed under seal pursuant to a court order authorizing the sealing of the

6   specific Protected Material at issue. If a Party's request to file Protected Material

7   under seal is denied by the court, then the Receiving Party may file the information

8   in the public record unless otherwise instructed by the court.

9   **14.   FINAL DISPOSITION**

10      After the final disposition of this Action, as defined in paragraph 4, within 60

11  days of a written request by the Designating Party, each Receiving Party must return

12  all Protected Material to the Producing Party or destroy such material. As used in this

13  subdivision, "all Protected Material" includes all copies, abstracts, compilations,

14  summaries, and any other format reproducing or capturing any of the Protected

15  Material. Whether the Protected Material is returned or destroyed, the Receiving

16  Party must submit a written certification to the Producing Party (and, if not the same

17  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

18  (by category, where appropriate) all the Protected Material that was returned or

19  destroyed and (2)affirms that the Receiving Party has not retained any copies,

20  abstracts, compilations, summaries or any other format reproducing or capturing any

21  of the Protected Material. Notwithstanding this provision, Counsel are entitled to

22  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

23  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

24  reports, attorney work product, and consultant and expert work product, even if such

25  materials contain Protected Material. Any such archival copies that contain or

26  constitute Protected Material remain subject to this Protective Order as set forth in

27  Section 4 (DURATION).

28

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

15.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

16.     After this Stipulated Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. All counsel agree to be bound by the terms set forth herein with regard to any Protected Materials that have been produced before the Court signs this Stipulation and Protective Order.

17.     The Parties and all signatories to this Stipulated Protective Order agree to be bound by this Stipulated Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulated Protective Order, or in the event that the Court enters a different protective order, the Parties agree to be bound by this Stipulated Protective Order until such time as the Court may enter such a different order. It is the Parties' intent to be bound by the terms of this Stipulated Protective Order pending its entry so as to allow for immediate production of Protected Materials under the terms herein.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Carney R. Shegerian, Esq.
Mahru Madjidi, Esq.
Genessis Guevara, Esq.
SHEGERIAN & ASSOCIATES, INC.
Attorneys for Plaintiff JESUS
HERRERA

Keith Jacoby, Esq.
Rachael Lavi, Esq.
Grace L. Waddell, Esq.
LITTLER MENDELSON, PC
Attorneys for Defendants
AMAZON.COM SERVICES LLC

20

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

1

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

2

Dated:   August 24, 2023

3

HONORABLE SHASHI H. KEWALRAMANI
UNITED STATES MAGISTRATE COURT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK

**<u>EXHIBIT A</u>**

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

I, _____ [print or type full name], of_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Jesus Herrera v. Amazon.com Services, Inc.; Amazon.com Services, LLC; Pieter Ver Loren van Theemat; et. al.*; Case No. 5:22-cv-01978-JFB-SHK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated: _____

City and State where sworn and signed: _____
Signature

_____
Printed Name

4874-6782-6002.8 / 114766-1044

LITTLER MENDELSON,
P.C.
2049 Century Park East
5th Floor
Los Angeles, CA
90067.3107
310.553.0308

22

STIPULATED PROTECTIVE ORDER
5:22-CV-01978-JFB-SHK